IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAYNE MARTIN JACOBS,

        Petitioner,

   v.

BRANDON KELLY,

        Respondent.

Case No. 6:19-cv-00342-HZ

OPINION AND ORDER

    Shayne Martin Jacobs
    5790536
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon 97310-0505

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    James M. Aaron, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a December 2010 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") to defer his release for a period of five years. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In 1981, Petitioner pled guilty to one count of Murder and one count of Felony Murder in Clackamas County, resulting in two consecutive life sentences. In 2005, the Board established a projected parole release date of July 7, 2009. Respondent's Exhibit 114, p. 44. However, at a December 2008 exit interview, the Board concluded that Petitioner suffered from a present severe emotional disturbance that rendered him a danger to the health or safety of the community. As a result, it deferred Petitioner's release for two years. *Id* at 58. The Board made an identical finding of severe emotional disturbance during Petitioner's December 2010 exit interview and elected to apply a new statute (ORS 144.125 (2009)) that provided it with greater latitude in scheduling projected release dates. Using the new statute, the Board deferred Petitioner's release for five years and established a new parole release date of June 7, 2016. *Id* at 63.

Petitioner sought administrative review of the Board's decision, but the Board denied relief. *Id* at 159-66, 178-81. Petitioner appealed that decision to the Oregon Court of Appeals

2 - OPINION AND ORDER

where, with the assistance of counsel, he argued that the Board violated his *ex post facto* rights when it retroactively applied ORS 144.125 (2009) and related administrative rules that were more onerous than those in effect at the time Petitioner committed his crimes. Respondent's Exhibit 116. The Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion, and the Oregon Supreme Court later denied review. Respondent's Exhibits 120, 121.

Petitioner also filed a parallel state habeas corpus proceeding which the Marion County Circuit Court denied on procedural grounds, finding that Petitioner's remedy lay in a direct appeal, not a state habeas corpus proceeding. Respondent's Exhibit 106. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 111, 112.

On March 7, 2019, Petitioner filed this federal habeas corpus action in which he raises a variety of challenges to the Board's December 2010 decision. Respondent asks the Court to deny relief on the Petition because: (1) Petitioner fails to satisfy the pleading standards applicable to this case; (2) *ex post facto* claims are not cognizable in federal habeas corpus cases and, even if they are, any such claim lacks merit; and (3) Petitioner's remaining claims are procedurally defaulted.

## DISCUSSION

### I. Pleading Standards

Respondent argues that Petitioner does not clearly articulate his grounds for relief and supporting facts as

required by Rule 2(c) of the Rules Governing Section 2254 Cases. A review of the *pro se* Petition reveals that Petitioner diligently attempted to reproduce the claims he believes he raised in his underlying state habeas and judicial review proceedings. These claims include allegations that the Board violated the *Ex Post Facto* Clause, his right to due process, right to equal protection, and his right to be free from cruel and unusual punishment. Although these claims are principally identified in the procedural history portion of his Petition, the Petition asks this Court to grant relief on the claims he raised in his state-court proceedings which Petitioner articulated above. Petition (#1) at 6-7. Given that Petitioner is proceeding *pro se*, a liberal reading of the Petition leads to the Court to conclude that he adequately pled his claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (requiring liberal construction of *pro se* pleadings).

## II. Viability of *Ex Post Facto* Claims

Based upon the Court's liberal construction of the Petition, the pleading includes the *ex post facto* claims Petitioner argued during his direct judicial appeal. Specifically, Petitioner argued that the retroactive application of ORS 144.125 (2009) and related administrative rules allowed the Board to: (1) postpone his release date for a longer duration than contemplated by the rules in effect at the time he committed his crimes; and (2) consider factors not previously available to it when determining the length of a parole deferral. Respondent's

Exhibits 116, 118. Respondent argues that these *ex post facto* claims are not cognizable in a federal habeas corpus action.

"[H]abeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Only claims that will necessarily lead to an earlier release fall within the core of habeas corpus. *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). In this case, were the Court to find an *ex post facto* violation, Petitioner would not be entitled to earlier release, only more frequent parole consideration where the Board could continue to defer his parole if appropriate. In this respect, because success in this action would result only in speedier parole consideration and not necessarily Petitioner's speedier release, his claim does not "lie[] at the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *see also Gordon v. Premo*, 757 Fed. Appx. 627, 627-28 (9th Cir. 2019) (challenge to 10-year parole cycle not cognizable in the habeas corpus context). Accordingly, Petitioner's *ex post facto* claims are not properly before the Court for its consideration.[1]

### III. Exhaustion and Procedural Default

In his remaining claims, Petitioner alleges that the Board's actions violated due process, equal protection, and constituted cruel and unusual punishment. Respondent asks the Court to deny

---

[1] Conversion to a 42 U.S.C. § 1983 action is not proper where Petitioner has not named the proper defendants. *See Nettles*, 830 F.3d at 926 (a pleading must name a proper civil rights defendant to warrant conversion from a habeas corpus action to a 42 U.S.C. § 1983 action).

relief on these claims because Petitioner failed to fairly present them to Oregon's state courts, leaving them procedurally defaulted and unpreserved for merits review.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for

the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner fairly presented federal *ex post facto* claims during his judicial appeal of the Board's 2010 decision but, as discussed above, those claims are not cognizable. He did not present any other federal claims during his direct judicial review of the Board's 2010 decision.

While Petitioner raised a variety of federal constitutional challenges to the Board's 2010 decision in his state habeas corpus action, he failed to pursue them on appeal. Instead, he focused his briefing solely on whether a state habeas action was a viable mechanism by which to challenge the Board's 2010 decision. Respondent's Exhibit 108, 110. In this respect, with the exception of the *ex post facto* claims the Court addressed in Section II above, Petitioner failed to fairly present any federal claims to Oregon's state courts. Because the time for raising these claims in state court has passed, they are procedurally defaulted and Petitioner has not excused his default.

///
///
///
///
///
///
///

7 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 31 day of October, 2019.

*Marco Hernandez*
Marco A. Hernandez
United States District Judge

8 - OPINION AND ORDER